**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: <br><br> OW BUNKER HOLDING NORTH AMERICA Inc., et al.[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 14-51720 (JAM) |
| SILVERSEA CRUISES LTD. <br><br> Plaintiff, <br><br> -against- <br><br> OW BUNKER USA, INC., OW BUNKER HOLDING NORTH AMERICA INC., OW BUNKER NORTH AMERICA INC., OW BUNKER & TRADING A/S, OW BUNKER A/S, PACIFIC ENERGY SOUTH WEST PACIFIC LIMITED, and ING BANK NV, <br><br> Defendants. | Adv. Proc. No. 14-5072 (JAM) <br><br> (Lead Case) |
| SILVERSEA CRUISES LTD. <br><br> Plaintiff, <br><br> -against- <br><br> OW BUNKER USA, INC., OW BUNKER HOLDING NORTH AMERICA INC., OW BUNKER NORTH AMERICA INC., OW BUNKER & TRADING A/S, OW BUNKER A/S, ING BANK NV, CHEVRON MARINE PRODUCTS, LLC and CALTEX AUSTRALIA PETROLEUM PTY LTD AND/OR CALTEX MARINE PRODUCTS AND/OR CALTEX ENERGY QLD, <br><br> Defendants. | Adv. Proc. No. 15-5005 (JAM) |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of the Debtors' taxpayer identification numbers, are as follows: O.W. Bunker Holding North America Inc. (7474) ("OW Holding"), O.W. Bunker North America Inc. (7158) ("OW NA") and O.W. Bunker USA Inc. (3556) ("OW USA").

| | |
|---|---|
| SILVERSEA CRUISES LTD. | Adv. Proc. No. 15-5006 (JAM) |
| Plaintiff, | |
| -against- | |
| OW BUNKER USA, INC., OW BUNKER HOLDING NORTH AMERICA INC., OW BUNKER NORTH AMERICA INC., OW BUNKER & TRADING A/S, OW BUNKER A/S, ING BANK NV, SOUTH PACIFIC OIL LTD., | |
| Defendants. | Jointly Administered |

### ORDER (1) CONSOLIDATING THE THREE CAPTIONED ACTIONS; (2) DIRECTING THE CLERK OF THE COURT TO ACCEPT THE DEPOSIT OF CASH INTO THE REGISTRY OF THE COURT; (3) ENJOINING OTHER SUITS AGAINST PLAINTIFF SILVERSEA AND ITS VESSELS; AND (4) STAYING THESE ACTIONS PENDING OUTCOME OF "TEST CASES"

This matter coming before the Court on the *Plaintiff's Motion for an Order: (1) consolidating the three captioned actions; (2) directing the Clerk of the Court to accept the deposit of cash into the registry of the Court; (3) enjoining other suits against plaintiff and its vessels; and (4) placing these actions on suspense pending determination by the Second Circuit of outstanding issues in the OW Bunker "Test Cases"* (the "Motion") (ECF Nos.: 34 of Lead Case 14-ap-5072, 21 of 15-ap-5005 19 of 15-ap-5006 and 1464 of Main Case 14-51720 (JAM)); the Court having considered the Motion, the documents filed in this action, the statements of counsel in open court on October 11, 2016, judicial notice of the record in this bankruptcy case and of other matters pursuant to Fed R. Evid. 201, has determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; the terms referred to herein unless otherwise defined herein shall be as defined in the Motion; and after due deliberation and sufficient cause appearing therefor:

2

THE COURT HEREBY FINDS AND DETERMINES THAT:

A. Proper notice of the Motion with a reasonable opportunity to be heard was given to all parties in interest within the meaning of due process, 11 U.S.C. § 101(1), Fed. R. Bankr. P. 9014(b), and all applicable local rules.

B. The Plaintiff has demonstrated that the three captioned adversary proceedings involve common questions of law or fact, and that consolidation of those proceedings would avoid unnecessary costs, inefficiency or delay, and serve the goals of Fed. R. Bankr. P. 7042 (making F.R.C.P 42(a) applicable in bankruptcy proceedings); and that to the extent the Motion might have sought consolidation with the main case, such part of the Motion has been withdrawn by Plaintiff and shall be marked off;

C. The Plaintiff has established the procedural prerequisites of 28 U.S.C. §1335 and §2361; and the Court finds and rules (1) that cash tendered by plaintiff is sufficient in amount and terms for purposes of §1335 and §2361; and for securing the competing claims for the payment of the marine bunkers at issue; (2) that a restraining order is justified to protect the interests of Plaintiff and its vessels from multiple proceedings for the same claims; and (3) that the Motion shall be without prejudice to Plaintiff's right to contend that the claimants do not have a maritime lien on its vessel and all rights to challenge any such lien being reserved by Plaintiff.

D. The Plaintiff has shown good cause why the actions should otherwise be adjourned pending the outcome of the Test Cases:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED;

2.      Any and all objections to the Motion that have not been withdrawn, resolved, waived or settled are overruled on the merits;

3. The three captioned adversary proceedings are CONSOLIDATED, such that all pleadings henceforth shall be filed in 14-ap-5072; and to the extent that the Motion might have sought consolidation with the main case, such part of the Motion shall be marked off;

4. On or before August 31, 2017, the Plaintiff, in each of the captioned actions, shall pay and the Clerk of the Court is directed to receive cash into the Registry of the Court, in the following amounts (individually and collectively referred to as the "Disputed Funds"), to wit:

    a. $178,460.80 (One Hundred Seventy-Eight Thousand Four Hundred Sixty Dollars and Eighty Cents) in respect of claims in 14-ap-05072 (JAM), involving Pacific Energy's supply to the SILVER EXPLORER.

    b. $154,828.66 (One Hundred Fifty-Four Thousand Eight Hundred Twenty-Eight Dollars and Sixty-Six Cents) in respect of claims in 15-ap-05005 (JAM), involving Chevron/Caltex Companies' supply to the SILVER DISCOVERER.

    c. $147,536.39 (One Hundred Forty-Seven Five Hundred Thirty-Six Dollars and Thirty-Nine Cents) in respect of claims in 15-ap-05006 (JAM), involving South Pacific Oil's supply to the SILVER DISCOVERER.

**Total ......................................................................................$480,825.85**

and the following shall take immediate effect:

5. The named defendants/claimants in this action are restrained and enjoined from instituting or prosecuting any proceeding or action anywhere (whether domestic or foreign, in court or arbitration) *in personam* or *in rem*, against the Plaintiff and/or its affiliates and/or affecting the property and any res involved in the captioned actions of interpleader, including but not limited to the arrest, attachment or other restraint of the subject vessels pursuant to

Supplemental Admiralty Rule C or Rule B or other laws to enforce claimants' alleged maritime lien claims arising from the bunker deliveries until the further order of the Court;

6. The Disputed Funds described above will stand as security for the competing claims for payment due, if any, for the supply of the bunkers to the vessels, and the Disputed Funds shall serve as the substitute res for the vessels *in rem* and/or for the payment obligation of Silversea relating to the supply of the bunkers, and any persons or entities including the defendants shall submit their claims for entitlement to payment in this proceeding;

7. If these claims have not been resolved by December 20, 2018, the Plaintiff shall increase the Disputed Funds by an additional 6% of the invoiced amount to maintain adequate security;

8. The Plaintiff Silversea's service of a copy of: (1) the Motion (and attached Exhibits 1-10); (2) Notice of Contested Matter Response Date; and (3) Proposed Order (Exhibit 1 to Motion) in these actions on each defendant and other parties, in the following manner (and per the Certificate of Service), shall be deemed good and sufficient notice, to wit: service (a) via the Court's electronic filing system on the OW USA Liquidating Trust, all appearing defendants and all other appearing parties; (b) by United States Postal Service, certified mail, postage prepaid, return receipt requested on defendants, Caltex Australia Petroleum Pty Ltd, Caltex Marine Products, and Caltex Energy QLD; and (c) separately by e-mail, on defendants, O.W. Bunker & Trading A/S and O.W. Bunker A/S, sent to their last known Danish counsel and the Danish Bankruptcy Trustee.

9. Notice of this Order in these actions shall be served on each defendant and other parties, in the manner specified above in paragraph 8, to wit: (a) via the Court's electronic filing system on all appearing defendants and other parties; (b) by United States Postal Service, certified mail, postage prepaid, return receipt requested on defendants, Caltex Australia

Petroleum Pty Ltd, Caltex Marine Products, and Caltex Energy QLD; and (c) separately by e-mail on defendants, O.W. Bunker & Trading A/S and O.W. Bunker A/S, sent to their last known Danish counsel and the Danish Bankruptcy Trustee; and each such notice shall be deemed good and sufficient;

10. If the Plaintiff becomes aware of any other claimant who intends to assert a claim related to the subject matter of this action, then the Plaintiff will promptly serve a copy of this Order (and related papers) on such claimant who then will be bound hereby;

11. Any claimant may, upon proper motion allowing adequate time for briefing, request that this Order be set aside or modified;

12. These actions are stayed until further order of the Court.

IT IS SO ORDERED at Bridgeport, Connecticut this 2nd day of August 2017.

*Julie A. Manning*
*Chief United States Bankruptcy Judge*
*District of Connecticut*